UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAMELA SYCK, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | )   No. 3:15-cv-254-PLR-HBG |
| KNOX COUNTY SCHOOLS, JUDY PICKERING, JAMES McINTYRE, and JAMES SAUNDERS, | ) ) ) |
| | ) |
|     *Defendants*. | ) |

### Memorandum Opinion and Order

Before the Court is a motion to dismiss filed by Defendants Knox County Schools, Judy Pickering, James McIntyre, and David Saunders. [D. 11]. They move to dismiss this case under Federal Rule of Civil Procedure 12(b)(2), (4)–(6). In the alternative, they move for summary judgment. For the reasons that follow, the motion for summary judgment is **GRANTED**.

I

Summary judgment is proper only if there is no genuine issue on any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is genuine if a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*; *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 847 (6th Cir. 2016).

The moving party bears the initial burden of showing that there is no genuine issue of material fact on any element of the other party's claim or defense. *Stiles*, 819 F.3d at 847. In

1

determining whether this burden is satisfied, the Court views all evidence in the light most favorable to the nonmoving party and draws all inferences in her favor. *Anderson*, 477 U.S. at 255. Once the movant has satisfied this burden, the other party must identify specific facts in the record that raise a genuine issue of material fact. *Stiles*, 819 F.3d at 847. If this is not done, summary judgment shall be granted. FED. R. CIV. P. 56(a). The Court does not weigh evidence, judge witnesses' credibility, or decide the truth of the matter. *Anderson*, 477 U.S. at 249.

II

Defendants argue that this case should be dismissed because Plaintiff Syck filed her complaint one day late. In this Court, it is presumed that people receive their right-to-sue letters from the Equal Employment Opportunity Commission within five days after the EEOC mails it. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). Once someone receives their right-to-sue letter, they have ninety days to file a lawsuit in federal court. 42 U.S.C. § 2000e-5(f)(1).

Syck did not meet this deadline. Her right-to-sue letter is dated March 11, 2015. [D. 11 Ex. 1]. She has not provided any evidence of when the letter was actually received. Thus the Court presumes that she received the letter on March 16, 2015. This put the deadline to file a lawsuit at June 15, 2015. Syck filed her suit one day later.

Under some circumstances, this ninety-day deadline can be extended. In deciding whether to extend the deadline, the Court looks at five factors: (1) the plaintiff's lack of notice of the time limit; (2) the plaintiff's lack of constructive notice of the time limit; (3) the reasonableness of the plaintiff's ignorance of the time limit; (4) the plaintiff's diligence in pursuing her rights; and (5) an absence of prejudice to the defendants. *Graham-Humphreys*, 209 F.3d at 561.

2

On balance, these factors disfavor an extension of the deadline. First, Syck knew of the deadline. The notice of rights that the EEOC provided to Syck stated, "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**." [D. 11 Ex. 1]. Factors 1 through 3 therefore do not apply here.

The fourth factor disfavors an extension. Syck offers four reasons for her delay. [D. 14]. First, she argues, she filed her complaint within ninety days of receiving the EEOC letter, not counting the days that the Court is closed. Unfortunately, under federal law all days are counted. FED. R. CIV. P. 6(a)(1). Whether the Court is open matters only for the deadline; if the Court is closed on the deadline, then the deadline is extended to the next day that it is open. *Id.* 6(a)(1)(C). And it does not matter that Syck is not a lawyer. Ignorance of the law is no excuse here, especially for a procedural rule that it relatively easy to comprehend. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Next, Syck asserts that she did not have enough time to file her suit before the deadline. According to her, she was visiting family March 12–18. Under some circumstances, this might amount to a good reason for delay. But Syck has offered no proof that she was actually out of town on those dates. The only evidence she offers is a statement in her response. Self-serving statements like this are not good enough proof. *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 303 (6th Cir. 1998).

In this same vein, Syck states that her commute for work takes forty minutes each way, Monday–Friday. Extending the deadline to file a lawsuit, however, requires the plaintiff to show compelling considerations. *Graham-Humphreys*, 209 F.3d at 561. Life's routine, tedious time-wasters are not compelling.

3

Third, Syck states that she did not file her suit sooner because she was appealing the Hearing Officer's decision to fire her. Her appeal was to be heard by the Defendant School Board on June 3, 2015. Granted, had Syck sued the School Board before her appeal, it might have badly affected her chances of a favorable decision by the Board. But the Board upheld the Hearing Officer's decision on that same night. Meeting Minutes, Knox Cty. Bd. of Educ. (June 3, 2015), goo.gl/FR9zdw. She thus had twelve days after the Board's decision to file her suit.

Finally, Syck notes that she had been trying to find a lawyer before filing her complaint. Neither is this reason good enough. With proper diligence, one should be able to find a lawyer in the Knoxville Area within ninety days. *See Covucci v. Serv. Merch., Inc.*, 178 F.3d 1294, at *3 (6th Cir. 1999) (unpublished). Syck does not provide a good excuse for her delay in filing suit. The fourth factor points against extending the deadline.

Finally, the fifth factor is irrelevant. Prejudice to the defendant matters only if some of the other factors favor extending the deadline. *Graham-Humphreys*, 209 F.3d at 562 n.12. None of the other factors favor it here. Thus, the fifth factor does not matter.

Accordingly, the Court will not extend the amount of time Syck had to file her lawsuit. To be sure, she filed her suit only one day late. But "[a]bsent compelling equable considerations, a court should not extend limitations by even a single day." *Id.* at 561. Syck has shown none here. She has failed to make out a genuine issue of material fact as to the timeliness of her suit, and Defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is **GRANTED**. Syck's case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

4

Case 3:15-cv-00254-PLR-HBG   Document 17   Filed 09/19/16   Page 4 of 4   PageID #: 57